UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KENNETH W. SCOTT

         Plaintiff,   Index No.:

 -v-

              **COMPLAINT**

ROCHESTER POLICE DEPARTMENT
OFFICER PAUL ROMANO,     **PLAINTIFF DEMANDS A**
ROCHESTER POLICE DEPARTMENT **TRIAL BY JURY**
OFFICER MATT BENETTI, and
NEW YORK STATE SERGEANT JOHN C. NINFO

         Defendants.
-------------------------------------------------------------------x

  The Plaintiff Kenneth Scott, by and through his attorneys Mancilla & Fantone, LLP, complaining of defendants Rochester Police Department Officer Paul Romano, in his professional and individual capacity, Rochester Police Department Officer Matt Bennetti in his professional and individual capacity, and New York State Trooper John C. Ninfo, alleges as follows:

**PARTIES**

  1.  The Plaintiff Kenneth Scott is an individual residing in the State of New York, County of Monroe.

  2.  The Defendant Officer Paul Romano is a police officer that at all times relevant to this action was working for the Rochester Police Department ("RPD").

  3.  The Defendant Officer Matt Bennetti is a police officer that at all times relevant to this action was working for the Rochester Police Department ("RPD").

4. The Defendant Sergeant John C. Ninfo is a New York State Trooper Sergeant that at all times relevant to this action was working for the New York State Police, on duty in conjunction with the Rochester Police Department.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to adjudicate the instant action pursuant to 28 USC § 1331.

6. Venue is proper in this Court pursuant to 28 USC § 1391.

## RELEVANT FACTS

7. On July 23, 2017, in the early hours, Plaintiff was lawfully driving his automobile on Joseph Place, in the City of Rochester, New York (County of Monroe).

8. The Defendants encountered Plaintiff near 65 Joseph Place, where Plaintiff was lawfully driving.

9. At the time the Defendants encountered Plaintiff, there was no warrant issued for the arrest of Plaintiff or any of the passengers in Plaintiff's vehicle.

10. At the time and place where the Defendants encountered Plaintiff, he was not engaged in any unlawful activity.

11. Specifically, there was no firearm or marijuana in Plaintiff's possession.

12. There was also no firearm or marijuana within Plaintiff's vehicle, including the glove box of Plaintiff's vehicle.

13. In the event any of the other passengers within Plaintiff's vehicle possessed a firearm and/or marijuana, Plaintiff was unaware of such possession.

14. When the Defendants encountered Plaintiff in his vehicle on Joseph Place they followed Plaintiff as he made a lawful right turn onto Herbert Street and then a subsequent right turn onto Avenue D.

15. The Defendants continued to follow Plaintiff to the intersection of Avenue D and Joseph Avenue, where the Defendants then conducted what is often referred to as a "felony traffic stop," in which multiple police units initiated their lights and sirens, surrounded Plaintiff's vehicle, and pointed their loaded firearms at Plaintiff and the passengers in the vehicle.

16. Plaintiff's glove box was locked at the time the Defendants initiated the felony traffic stop.

17. In conducting the felony traffic stop, the Defendants commanded Plaintiff and the other passengers in the vehicle to keep their hands visible at all times.

18. Plaintiff and the passengers complied with Defendants' command.

19. Defendants then commanded Plaintiff to roll down his driver's side window, turn his vehicle's engine off, pull the keys from the ignition, and drop the keys out of the driver's side window onto the pavement.

20. Plaintiff complied with these commands.

21. The key for the glove box in Plaintiff's vehicle was one of the several keys contained on the key ring that Plaintiff dropped onto the pavement at that time.

22. Defendants then commanded Plaintiff to slowly exit the vehicle, take several steps backwards towards the Defendants, and kneel on the pavement with both hands on his head.

23. Plaintiff complied with these commands.

24. The Defendants, all acting in concert, conducted the above-described felony traffic stop without the requisite probable cause and/or reasonable suspicion.

25. The Defendants, acting in concert, then seized, detained, and handcuffed the Plaintiff without probable cause.

26. The Defendants, acting in concert, then searched Plaintiff's person. No contraband of any type was recovered from Plaintiff; nor did Plaintiff constructively possess any contraband.

27. The Defendants, acting in concert, then performed a search of Plaintiff's vehicle without probable cause.

28. Plaintiff was thereafter transported in handcuffs from the arrest location near the corner of Joseph Avenue and Avenue D to a local police precinct where he was further detained and processed without probable cause.

29. While the Plaintiff was unlawfully imprisoned by the Defendants (and at other subsequent times), the Defendants completed paperwork related to Plaintiff's case, which alleged that a 9mm semiautomatic Smith & Wesson pistol and marijuana was recovered from Plaintiff's glove box during the search of Plaintiff's vehicle.

30. The totality of the allegations the Defendants made were false, and the Defendants knew them to be false at the time they made such statements.

31. The Defendants forwarded the false statements to the Monroe County District Attorney's Office ("MCDA") and/or to branches of the Monroe County Criminal Court ("MCCC") in order to justify the arrest and to persuade the MCDA and MCCC to continue the Plaintiff's criminal prosecution.

32. The Defendants knew that the MCDA and MCCC were relying upon the truthfulness of the Defendants' claims and statements in order to evaluate whether to commence and continue criminal prosecution against the Plaintiff.

33. The Defendants were aware that the MCDA and the MCCC assumed that all of the factual statements, claims, and allegations that the Defendants relayed to them were truthful in all material respects.

34. The Defendants further knew that they were obligated to provide any and all exculpatory information to the MCDA and the MCCC, and that the Defendants were expected to turn over or otherwise provide the MCDA with all material information concerning the Plaintiff's arrest, regardless of whether it was inculpatory or exculpatory.

35. Plaintiff was held in the Defendants' custody before being transported to Court for further processing and arraignment.

36. At his arraignment Plaintiff was charged with two counts of criminal possession of a firearm in the second degree, violations of New York Penal Code sections 20,.00 and 265.03(1)(b) & (3). The Court remanded Plaintiff.

37. Shortly thereafter, Plaintiff was indicted on the above-mentioned charges based upon the false testimony of some of the Defendants, and the prosecution continued in the New York State Supreme Court – Criminal Term.

38. On December 11, 2017, the Court held a pre-trial hearing to determine the lawfulness of the Defendants' actions in seizing Plaintiff and searching his vehicle.

39. During the hearing, the Defendants each testified and provided false testimony to the Court to justify the seizure and search of Plaintiff's vehicle on July 23, 2017. For example, the Defendants falsely described traffic and other conditions in the time leading up to Plaintiff's arrest.

40. The Defendants falsely stated that Plaintiff possessed a firearm and marijuana in the glove box of his vehicle.

41. As a result of the Defendants' continuing fabrication of evidence and malicious conduct, the suppression motion filed by Plaintiff's criminal defense attorney was denied on or about January 8, 2018, and the prosecution of Plaintiff continued.

42. The case proceeded to trial on or about January 17, 2017.

43. During the trial the Defendants, acting in concert, repeated the same false allegations related to the circumstances of Plaintiff's seizure, and that Plaintiff possessed a firearm and marijuana in his glove box on July 23, 2017.

44. The Defendants again testified falsely about the circumstances of Plaintiff's seizure.

45. The Defendants again testified falsely regarding the recovery of a firearm and marijuana from Plaintiff's glove box.

46. On January 19, 2017 the jury convicted the Plaintiff on all counts.

47. On or about March 6, 2018, the Plaintiff was sentenced to a period of incarceration with the New York State Department of Corrections and Community Supervision of seven (7) years, with five (5) year's post-release supervision.

48. Plaintiff subsequently filed a timely notice of appeal following his conviction.

49. Plaintiff subsequently appealed his conviction and on June 11, 2021, the New York Supreme Court – Appellate Division, Fourth Department vacated Plaintiff's conviction and dismissed all charges against Plaintiff, ruling the Defendants did not have probable cause to seize Plaintiff in his vehicle.  See People v. Scott, 195 A.D.3d 1452 (4th Dept. 2021) (incorporating reasoning from co-defendant's appeal in People v. Fitz, 188 A.D.3d 1676 (4th Dept. 2020)).

50. Each of the Defendants was aware the other Defendants had lied and were continuing to lie about the circumstances of the seizure and the presence of the firearm and marijuana in Plaintiff's glove box.

51. At no time during the arrest or Plaintiff's criminal prosecution, or the subsequent years in which Plaintiff was incarcerated, did the Defendants intervene in Plaintiff's false arrest or wrongful prosecution; nor did they otherwise attempt to remedy or correct the false statements in any fashion.

52. At no time did Plaintiffs have probable cause to seize, detain, or arrest the Plaintiff, nor was it reasonable for the Defendants to believe that such cause existed.

53. At no time did Plaintiffs have probable cause to search the Plaintiff's vehicle, nor was it reasonable for the Defendants to believe that such cause existed.

## FIRST CAUSE OF ACTION

54. Plaintiff repeats the allegations contained in paragraphs "1" through "53" above as if stated herein.

55. The Defendants, acting in concert with each other, willfully and intentionally seized, detained, arrested, and searched Plaintiff and his vehicle without probable cause and without a reasonable basis to believe such cause existed.

56. The Defendants, acting in concert with each other, fabricated evidence through the making of false and misleading factual statements related a the circumstances of Plaintiff's seizure and the firearm alleged to be located in Plaintiff's glove box.

57. The Defendants, acting in concert with each other, forwarded such statements to the MCDA and MCCC, which resulted in the deprivation of Plaintiff's liberty.

58. The Defendants, acting in concert, subsequently reiterated the false statements during their testimony before the Grand Jury, the Court during a pre-trial hearing, and at trial before the jury.

59. By doing so, the Defendants, individually and collectively, subjected the Plaintiff to false arrest and imprisonment, unlawful searches of his person and property, denial of a fair trial through the fabrication of evidence, and malicious prosecution, in violation of Plaintiff's rights under the United States Constitution.

60. By reason thereof, the individual Defendants have violated 42 U.S.C. § 1983 and caused Plaintiff to suffer physical and emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of Plaintiff's constitutional rights.

61. As a result of the Defendants' unlawful actions, the Plaintiff was unlawfully incarcerated from July 27, 2017 to June 11, 2021.

62. The Defendants intended to confine Plaintiff during this time.

63. Plaintiff was aware of such confinement.

64. Such confinement was not privileged or otherwise justified.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against all Defendants, and award Plaintiff:

A. Compensatory damages;

B. Attorneys' fees;

C. Punitive damages against each Defendant, and;

D. Any other relief the Court deems just and appropriate.

Dated: June 11, 2024
New York, New York

                                                 **Mancilla & Fantone, LLP**

                                       By: _____
                                             Robert Fantone, Esq.
                                             260 Madison Avenue
                                             New York, New York 10016
                                             Attorneys for Plaintiff
                                             (646) 225 – 6686
                                             robert@law-mf.com