UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH W. SCOTT,

                          Plaintiff,

                    v.

ROCHESTER POLICE DEPARTMENT
OFFICER PAUL ROMANO,
ROCHESTER POLICE DEPARTMENT
OFFICER MATT BENNETTI, and NEW
YORK STATE SERGEANT JOHN C.
NINFO,

                    Defendants.
_____

**DECISION AND ORDER**

6:24-CV-06363 EAW

## <u>INTRODUCTION</u>

      Plaintiff Kenneth Scott ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Rochester Police Department ("RPD") Officer Paul Romano ("Officer Romano"), RPD Officer Matt Benetti ("Officer Benetti") ("RPD Defendants"), and New York State Trooper, Sergeant John C. Ninfo ("Sergeant Ninfo") (collectively "Defendants") violated his constitutional rights when they illegally performed a traffic stop and fabricated evidence in Plaintiff's criminal prosecution. (Dkt. 1). Before the Court are motions to dismiss the complaint by the RPD Defendants (Dkt. 18) and Sergeant Ninfo (Dkt. 19) pursuant to Federal Rule of Civil Procedure 8 and Rule 12(b)(6). For the reasons explained below, the Court grants both motions but grants Plaintiff leave to file an amended complaint.

- 1 -

## BACKGROUND

The following facts are taken from Plaintiff's complaint.  As required at this stage of the proceeding, Plaintiff's well-pleaded facts are taken as true.

On July 23, 2017, Defendants[1] encountered Plaintiff as he was driving in Rochester, New York and followed him for a brief period.  (Dkt. 1 at ¶¶ 7, 14-15).  At that time, neither Plaintiff nor any passenger in his vehicle had an outstanding arrest warrant.  (*Id.* at ¶ 9). Defendants performed a "felony traffic stop," in which multiple police vehicles activated their emergency lights and sirens at once, and instructed Plaintiff to exit the vehicle and kneel on the ground.  (*Id.* at ¶¶ 15, 22).  Plaintiff complied with Defendants' commands. (*Id.* at ¶¶ 20, 23).  Defendants then arrested Plaintiff and searched him and his vehicle.  (*Id.* at ¶¶ 25-27).  Defendants did not discover any contraband when they searched Plaintiff and the vehicle glove box was locked at the time of his arrest.  (*Id.* at ¶¶ 16, 26).  At the time of this encounter, there were no firearms or marijuana in Plaintiff's vehicle, and Plaintiff was unaware if any of his passengers had a firearm or marijuana.  (*Id.* at ¶¶ 12-13).

Plaintiff was transported to a police precinct and Defendants completed paperwork stating that a handgun and marijuana were recovered from the glove box during the search of Plaintiff's vehicle.  (*Id.* at ¶¶ 28-29).  This information was forwarded to the Monroe County District Attorney's Office and used to prosecute Plaintiff on two counts of criminal possession of a firearm in violation of state law.  (*Id.* at ¶¶ 31, 36-46).  At a suppression

---

[1]    Plaintiff does not make any allegations against an individual Defendant in his complaint but refers to "the Defendants" collectively.  (*See* Dkt. 1).

hearing to determine if Defendants lawfully stopped and searched Plaintiff's vehicle, Defendants testified that a firearm and marijuana were in the vehicle's glove box. (*Id.* at ¶¶ 38-40). Due to that testimony, Plaintiff's suppression motion was denied. (*Id.* at ¶ 41). At a jury trial, Defendants again testified that a firearm and marijuana were recovered from the vehicle's glove box. (*Id.* at ¶¶ 42-46). Plaintiff was convicted on January 19, 2017, and sentenced to a term of seven years imprisonment with five years of post-release supervision. (*Id.* at ¶¶ 46-47). On appeal, the New York State Supreme Court Appellate Division, Fourth Department vacated Plaintiff's conviction and dismissed the charges, holding that Defendants did not have probable cause to perform the traffic stop. (*Id.* at ¶ 49). Plaintiff was incarcerated from July 24, 2017, until June 11, 2021. (*Id.* at ¶ 61).

Plaintiff filed his complaint on June 11, 2024, asserting claims for false arrest, unlawful search, denial of a fair trial through the fabrication of evidence, and malicious prosecution, in violation of his constitutional rights.[2] (Dkt. 1 at ¶ 59). RPD Defendants and Sergeant Ninfo moved to dismiss the complaint. (Dkt. 18; Dkt. 19).

---

[2]     Plaintiff asserts these constitutional claims under a single cause of action but does not identify which amendments Defendants allegedly violated. (Dkt. 1 at ¶¶ 54-60). In his opposition memorandum, Plaintiff states that the fabrication of evidence claim is asserted under the Fifth and Fourteenth Amendments and the malicious prosecution claim violated his Fourth Amendment rights. (Dkt. 25 at 8). As the RPD Defendants highlight, courts in this District have dismissed such unspecified "catch-all" claims. (Dkt. 27 at 1-2); *see, e.g.*, *Keene v. City of Rochester*, No. 6:17-CV-06708-MAT, 2018 WL 1697486, at *3 (W.D.N.Y. Apr. 7, 2018) (dismissing singular "catch-all" cause of action that alleged seven violations of the plaintiff's constitutional rights). As the Court ultimately grants Plaintiff the opportunity to amend the complaint, it does not dismiss Plaintiff's first (and only) cause of action on this basis, but Plaintiff is cautioned that any amended complaint must specify the constitutional basis for each claim and avoid this type of catch-all claim.

**DISCUSSION**

### I.    Rule 12(b)(6) Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). This consideration also includes "documents upon which the complaint relies and which are integral to the complaint." *Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). A court should evaluate the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II.    Facts Outside the Complaint

Before addressing the merits of Defendants' motions, the Court must address additional facts submitted by Plaintiff that are not alleged in the complaint. In his opposition, Plaintiff filed an attorney declaration ("Fantone Declaration") which attaches several exhibits from the underlying criminal action, including the RPD investigation

report and arrest reports, and excerpts of Defendants' pretrial and trial testimony. (*See* Dkt. 24). Plaintiff contends that the Court may consider the content of this "documentary evidence" in deciding Defendants' motions because the documents are "incorporated by reference into Plaintiff's [c]omplaint." (Dkt. 25 at 10). Neither the RPD Defendants nor Sergeant Ninfo address the exhibits submitted by Plaintiff in their reply briefs. (*See* Dkt. 26; Dkt. 27).

"In deciding a Rule 12(b)(6) motion, the Court is generally limited to reviewing 'the allegations contained within the four corners of [Plaintiff's] complaint.'" *Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 471 (W.D.N.Y. 2017) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998)). "[A] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). "To be incorporated by reference, the complaint must make 'a clear, definite and substantial reference to the documents.'" *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (citation omitted). "A mere passing reference or even references, however, to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself." *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011); *see Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (holding that extrinsic documents were not incorporated by reference where "[t]he amended complaint merely discussed these documents and presented short quotations from them."). Indeed, "[l]imited

quotation does not constitute incorporation by reference." *Cosmas*, 886 F.2d at 13 (quoting *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985)).

Plaintiff argues that "[t]he [c]omplaint's specific references to 'statements' made to prosecutors and 'paperwork' completed by the Defendants, as well as the Defendants' 'testimony' at Plaintiff's grand jury, pre-trial suppression hearing, and trial, incorporates the substances of such into Plaintiff's pleading." (Dkt. 25 at 11) (internal citations omitted). To be sure, the complaint makes a singular reference to "paperwork" completed by Defendants that alleged a weapon and marijuana were recovered from Plaintiff's vehicle (Dkt. 1 at ¶ 29), contains multiple references to general "false statements" made by Defendants (*id.* at ¶¶ 30, 31, 51, 58), and references Defendants' "false testimony" at various stages of the underlying criminal proceeding (*id.* at ¶¶ 37, 39, 40, 43-45, 58). But Plaintiff does not excerpt or quote any portion of the paperwork, false statements, or false testimony in the complaint. Nor does Plaintiff specify which Defendant completed the paperwork or made the alleged false statements.

Courts have generally held a document to be incorporated by reference where it has been extensively quoted in the complaint or where the complaint relied on its terms. *See, e.g., Johnson v. Levy*, 812 F. Supp. 2d 167, 177 (E.D.N.Y. 2011) (holding extrinsic documents were incorporated by reference where "the [p]laintiffs did not selectively quote from the Offer Letters in the complaint. Rather, [the plaintiffs] included the text of these letters in their entirety."); *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 331 (S.D.N.Y. 2003) (holding a contractual document was incorporated by reference where the complaint "[made] several substantial references to the Agreement, even quoting certain paragraphs

of the Agreement verbatim" and was "based mainly on interpreting specific terms of the Agreement").

Plaintiff's passing reference to the "paperwork" completed by Defendants is not sufficient to incorporate the investigation report (Dkt. 24-1) and arrest report (Dkt. 24-2) into the complaint. *See Lawhorn v. Algarin*, No. 16-CV-6226-FPG, 2018 WL 1046794, at *3 (W.D.N.Y. Feb. 26, 2018) ("[T]he Amended Complaint explicitly references the Felony Complaint and RPD Investigative Action Report, but it does not quote from these documents and includes only a limited discussion of their content. . . . These limited references to the extrinsic documents fail to establish that the Amended Complaint incorporated the documents by reference."). Similarly, the references to Defendants' "false statements" and "false testimony" do not permit the Court to incorporate the transcript portions provided by Plaintiff into the complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (holding that the "paraphrasing of certain events" at a hearing did not incorporate the hearing transcripts by reference into the complaint), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). The extrinsic documents provided by Plaintiff in his response to the motion to dismiss (Dkt. 24-1; Dkt. 24-2; Dkt. 24-3; Dkt. 24-4) are therefore not incorporated by reference into the complaint. Accordingly, the Court will not consider those documents nor the factual assertions in the Fantone Declaration in evaluating Defendants' motions to dismiss.

III.    **Section 1983 Claims**

A.   **False Arrest and Unlawful Search**

Defendants move to dismiss Plaintiff's claims for false arrest and unlawful search as time-barred under the three-year statute of limitations period.  (Dkt. 18-2 at 9-11; Dkt. 19-2 at 6-7); *see Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."). Plaintiff "concedes that the respective statutes of limitations have expired" regarding those claims.  (Dkt. 25 at 21).  The Court therefore dismisses Plaintiff's claims for false arrest and unlawful search as untimely.[3]

B.   **Fabrication of Evidence and Malicious Prosecution**

Defendants contend that Plaintiff's claims of fabrication of evidence and malicious prosecution must be dismissed because the complaint impermissibly engages in "group pleading," thereby failing to distinguish allegations against a particular defendant in violation of Federal Rule of Civil Procedure 8.  (Dkt. 18-2 at 13-14; Dkt. 19-2 at 10-12). The Court agrees with Defendants but will grant Plaintiff leave to amend the complaint and replead these causes of action.

Rule 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy this requirement, "the complaint must merely 'give the defendant fair notice of what plaintiff's

---

[3]     Plaintiff also acknowledges, in response to Defendants' motion papers, that the complaint does not "seek relief pursuant to New York State law."  (Dkt. 25 at 21).

claim is and the grounds upon which it rests.'" *Appalachian Enters., Inc. v. ePayment Sols., Ltd.*, No. 01 CV 11502 (GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (quoting *Swiekiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).   A complaint fails to satisfy this minimum standard "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct. . . ." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Courts in this Circuit have generally dismissed complaints that fail to distinguish the individual conduct of multiple defendants in actions alleging discrimination or violations of constitutional rights. *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 235-36 (S.D.N.Y. 2014) (discussing cases); *see, e.g.*, *Elias v. City of New York*, No. 10-CV-5495 SLT LB, 2010 WL 5475809, at *3 (E.D.N.Y. Dec. 30, 2010) (holding that the complaint did not satisfy Rule 8's fair notice requirement where "[t]he limited facts contained in the complaint attribute discrimination, retaliation, and disparate treatment generally to 'Defendants,' without distinguishing their individualized conduct." (internal citation omitted)).   "The Second Circuit has held that the 'key to Rule 8(a)'s requirements is whether adequate notice is given,' and that 'fair notice' is 'that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so that it may be assigned the proper form of trial.'" *Vantone Grp. Liab. Co. v. Yangpu NGT Indus. Co.*, No. 13CV7639-LTS-MHD, 2015 WL 4040882, at *3 (S.D.N.Y. July 2, 2015) (quoting *Wydner v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004)).

Other than the early paragraphs that state each Defendants' occupation and employer (Dkt. 1 at ¶¶ 2-4), the complaint does not connect any allegation to a particular Defendant. Instead, the complaint exclusively refers to "the Defendants" collectively (*see id.* at ¶¶ 8, 14-19, 29-34, 39-41, 44-45, 59), and frequently describes the Defendants as "acting in concert" with each other (*see id.* at ¶¶ 24-27, 43, 55-58). Plaintiff contends these allegations are sufficient to survive Rule 8's "fair notice" pleading standard because "the allegations refer specifically to each[] [Defendant's] own personal conduct or conduct for which each acted in concert with another Defendant." (Dkt. 25 at 12-13). Indeed, Plaintiff argues that the complaint "alleges that all three of the [D]efendants were each actively involved in all of the complained-of conduct" relating to the fabrication of evidence and malicious prosecution claims. (*Id.* at 18). But Plaintiff's argument in his opposition memorandum shows that is not always the case.

For example, referring to the Fantone Declaration (Dkt. 24) and the exhibits attached thereto,[4] Plaintiff clarifies in his memorandum that the RPD Defendants personally performed "the stop, detainment, and search of the occupants of Plaintiff's vehicle" (Dkt. 25 at 12; *but see* Dkt. 1 at ¶ 25 ("The Defendants, acting in concert, then seized, detained, and handcuffed the Plaintiff without probable cause.")); that Sergeant Ninfo performed the search of Plaintiff's vehicle (Dkt. 25 at 12; *but see* Dkt. 1 at ¶ 27 ("The Defendants, acting in concert, then performed a search of Plaintiff's vehicle without

---

[4]    As discussed above, the Court will not rely on these extrinsic documents to resolve Defendants' motions, but it is apparent that Plaintiff's arguments based on these documents undermines any claim that he cannot distinguish among the defendants.

probable cause.")); and that Sergeant Ninfo and Officer Romano "stated that they each observed a firearm in Plaintiff's glove box" during their trial testimony (Dkt. 25 at 10; *but see* Dkt. 1 at ¶ 43 ("During the trial the Defendants, acting in concert, repeated the same false allegations related to the circumstances of Plaintiff's seizure, and that Plaintiff possessed a firearm and marijuana in his glove box on July 23, 2017.")).

Based on these conflicting assertions, Plaintiff acknowledges that each reference to "the Defendants" in the complaint does not necessarily refer to all three Defendants. Limited to the four corners of the complaint, it is not possible to determine which allegation is associated with which Defendant due to Plaintiff's group pleading. Although Plaintiff maintains that the broad use of the term "Defendants" is sufficient to give each Defendant "notice of his specific misconduct" (Dkt. 25 at 12), such an approach is not consistent with Rule 8 pleading standards, *see Automated Transaction LLC v. N.Y. Cmty. Bank*, No. 12-CV-3070 JS ARL, 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it" (citation omitted)). Accordingly, Plaintiff's complaint does not satisfy Rule 8's pleading requirement because it fails to provide fair notice of each Defendant's alleged unlawful conduct. *See Hill v. Katz*, No. 1:24-CV-3266 (LDH) (LKE), 2025 WL 964094, at *2 (E.D.N.Y. Mar. 31, 2025) (dismissing complaint for impermissible group pleading where "Plaintiff [did] not allege a single fact tying any of the individual defendants to the conduct alleged.").[5]

---

[5]    In addition to falling short of Rule 8's standard, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a

IV.    **Leave to Amend**

In the final pages of his opposition memorandum, Plaintiff requests leave to amend the complaint if the Court grants Defendants' motions.  (Dkt. 25 at 20-21).  As an initial matter, Plaintiff's request does not comply with this District's Local Rules.  Local Rule 15 requires "[a] movant seeking to amend or supplement a pleading . . . [to] attach an unsigned copy of the proposed amended pleading as an exhibit to the motion" and identify the amendments "through the use of a word processing 'redline' function or other similar markings that are visible in both electronic and paper format."   Loc. R. Civ. P. 15.  Plaintiff's request does not follow either of those requirements.  (*See* Dkt. 25 at 20-21).

Sergeant Ninfo opposes Plaintiff's request for leave to amend, stating that "Plaintiff cannot cure defects in his pleading by bringing forth new theories in opposition to a pending motion to dismiss."  (Dkt. 26 at 1).  However, Plaintiff does not appear to seek leave to amend in order to bring forth "new theories," but rather to add "allegations derived from the recently obtained documentation related to Plaintiff's [underlying] criminal

---

prerequisite to an award of damages under § 1983." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020)).  "Because the personal involvement of a defendant is a prerequisite to an award of damages under § 1983, a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations." *Spring v. Allegany-Limestone Cent. Sch. Dist.*, 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015), *vacated in part on other grounds*, 655 Fed. App'x. 25 (2d Cir. 2016); *see also Arnold v. Town of Camillus*, 662 F. Supp. 3d 245, 266 (N.D.N.Y. 2023) ("As a corollary to the personal-involvement rule, complaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.'" (citation omitted)).

matter." (Dkt. 25 at 20). The Court also notes that in his initial motion papers, Sergeant Ninfo requests an Order directing Plaintiff to replead any surviving claims so Plaintiff may specify the allegations against him and which constitutional amendments he allegedly violated. (*See* Dkt. 19-2 at 13). The RPD Defendants do not address Plaintiff's request to amend.

"A district court has broad discretion in determining whether to grant leave to amend," *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), and it also "has the inherent power to decide when a departure from its Local Rules should be excused or overlooked," *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991), *superseded by rule on other grounds by* Fed. R. Civ. P. 5(d)(4) & 83(a)(2). Although Plaintiff's request to amend did not adhere to the requirements set out in this District's Local Rules, the Court has considered the parties' arguments and, in the interest of justice, grants Plaintiff leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

## CONCLUSION

For the foregoing reasons, RPD Defendants' motion to dismiss (Dkt. 18) and Sergeant Ninfo's motion to dismiss (Dkt. 19) are granted, but Plaintiff may file an amended complaint within 30 days of the date of this Decision & Order to replead his constitutional claims for fabrication of evidence and malicious prosecution. If Plaintiff does not file an amended complaint within the permitted time, the Clerk of Court is directed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      July 8, 2025
            Rochester, New York

- 14 -